## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**SAKINAH GREEN**
**INDIVIDUALLY AND ON BEHALF**
**OF ALL THE HEIRS AT LAW AND**
**WRONGFUL DEATH BENEFICIARIES**
**OF MARIO CLARK, DECEASED**                                                    **PLAINTIFFS**


**V.**                                             **CIVIL ACTION NO.: 3:20-CV-107-HTW-LRA**


**CITY OF JACKSON, MISSISSIPPI**
**AND JOHN DOES 1-10**                                                          **DEFENDANTS**


### ORDER ON MOTION TO REMAND

The sole question here to be resolved under the Plaintiff's Motion to Remand is whether this court has subject matter jurisdiction. The parties herein have polarized views. Defendant, the City of Jackson, Mississippi, stands by its argument that this lawsuit, removed from state court, is properly situated in this federal forum pursuant to the dictates of Title 28 U.S.C. § 1331.[1] Plaintiff disagrees, contending that the thrust of this litigation should be viewed by the court as pursuing only Mississippi state law claims.

The procedural device which is responsible for this juridical debate is Plaintiff's Motion to Remand [doc. no. 3]. If persuaded by Plaintiff's Motion, this court will evict this lawsuit from this federal enclave and send it back to state court where it originated. The Defendant removed it

---

[1] **28 U.S.C. §1331. Federal Question**
   The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

1

here urging this court to find that this litigation belongs here because, at its core, this lawsuit urges a "federal question," cognizable by §1331.

## THE PARTIES

The parties herein are as follows: The Plaintiff Sakinah Green is the mother of Marnasiah Clark, a minor and the only child of Mario Clark, deceased. Sakinah Green brings this lawsuit on behalf of herself, individually, and on behalf of all the heirs at law and wrongful death beneficiaries of Mario Clark, deceased. The Defendant is the City of Jackson, Mississippi. Defendant John Does 1-10 are fictitious. Accordingly, unless their statuses change, this court will ignore their uncertain presence. See *Smith v. City of Chattanooga*, No. 1:08-cv-63, 2009 WL 3762961, at *5 (E.D. Tenn. Nov. 4, 2009) (until the Complaint is amended to identify a John Doe defendant by his true name, "John Doe allegations in the complaint are mere surplusage"). See also *Murphy v. Amsouth Bank* 269 F.Supp.2d 749 (S.D. Miss. 2003).

## FACTUAL BACKGROUND

This lawsuit stems from an incident that occurred on or about February 14, 2019, at the home of Sheila Ragland and her son, Mario Clark (hereafter "Clark"), in Jackson, Mississippi. Clark, according to Plaintiff, suffered from paranoid schizophrenia and, on the date in question, appeared to be in the throes of an episode related to his illness. According to Plaintiff's Complaint, Clark's mother called police for assistance in transporting Clark to the hospital. *Amended Complaint* [doc. no. 1-3 at pp.3-4 ]. The responding officers were with the City of Jackson Police Department. Plaintiff's Complaint alleges that the officers used excessive force and beat Clark, resulting in serious injuries. Defendants deny these allegations. Whatever transpired on that fateful day, Clark unfortunately succumbed to his injuries, and passed away on February 20, 2020.

PROCEDURAL HISTORY

Plaintiff filed her original Complaint in state court on February 14, 2020, and an Amended Complaint on February 17, 2020.  On February 20, 2020, Defendant City of Jackson filed a Notice of Removal to this federal district court, in accordance with Title 28 U.S.C. § 1441(a)[2] and §1331, alleging that this federal court has federal question jurisdiction because this civil action arises under the Constitution, laws, or treaties of the United States. On February 27, 2020, Plaintiff filed her motion to Remand this case to state court, claiming that only state claims are asserted against the Defendant.  The City of Jackson filed its Response and Memorandum in Opposition to the motion.  Plaintiff did not file a Reply.  This court heard oral arguments on the motion on July 20, 2020, by video conference.

LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). This Court has removal jurisdiction over any case where it has original jurisdiction, 28 U.S.C. § 1441(a), and it has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As the removing party, Defendant "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Because removal raises significant federalism

---

[2] **§ 1441 – Removal of civil actions**
    (a) Generally. – Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

"A federal question exists only in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008).

DISCUSSION AND ANALYSIS

The question before this court is whether this law suit features federal question jurisdiction under Title 28 U.S.C. § 1331.  Three documents, all undisputed, and all filed by the Plaintiff, supply the answer.  These three documents: the Notice of Claim  [doc. no. 5-1]; the Complaint [doc. no. 1-2 ]; and the Amended Complaint [doc. no.  1-3] filed by the Plaintiff,  all show that Plaintiff potentially has sought the cloak of federal subject matter jurisdiction.  Plaintiff invoked Title 42 U.S.C. §1983,[3] a federal enactment, in all three documents, as well as resort to the federal Constitutional rights of the deceased.

To pursue a claim under the Mississippi Tort Claims Act, the aggrieved party must first file a " Notice of Claim"[4] which must include, among other things, the facts and

---

[3] **42 U.S.C. § 1983. Civil action for deprivation of rights.**
  Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

[4] Miss. Code Ann § 11-46-11(1) provides:
   (1) After all procedures within a governmental entity have been exhausted, any person having a claim under this chapter shall proceed as he might in any action at law or in equity, except that at

circumstances which brought about the injury, the extent of the injury, the persons involved, and damages sought.  Miss. Code Ann. § 11-46-11 (2) (b) (iii).

In the case *sub judice*, Plaintiff's Notice of Claim, which preceded her the filing of the Complaint in state court, stated the following:

> This letter will serve as the official notice of a claim against The City of Jackson, Mississippi, the Jackson Police Department, all Police Officers associated with the below mentioned claims, and John Does 1-5 (members of the Jackson Police Department) in their personal and official capacities pursuant to Miss. Code Ann. § 11-46-11, **42 U.S..C. § 1983** and any other applicable state or **federal** statute or constitutional provision(s**),** and/or any applicable state or **federal** common law causes(s) of action.

*Notice of Claim* [doc. no. 5-1 p. 1] (emphasis added).

As earlier stated, §1983 is a federal enactment which, if raised as the basis for a claim, falls under "federal question."  See *School Bd. Of Parish of Livingston, La. v. Louisiana State Bd. Of Elementary & Secondary Educ*., 830 F.2d 563 (5th Cir. 1987); *Google Inc. v. Hood,* 822 F.3d 212 (5th Cir. 2016); *NiGen Biotech, L.L.C. v. Paxton* (804 F.3d 389 (5th Cir. 2015).

Plaintiff's  Notice of Claim additionally states, "[t]he officers used excessive force and violated Mr. Clark's **Constitutional rights**." *Id*., at p.2. The paragraph labeled "Types of Claims Likely to Be Made and Amount of Money Damages Sought" declares as follows.

> Sakinah Green, on behalf of  Marnasiah Clark, a minor intends to file a lawsuit in this matter pursuant to Miss Code Ann. § 11-46-11, **42 U.S.C. § 1983** and any other applicable state or **federal statute or constitutional provision**. Ms. Ragland asserts the following state law claims: . . .   Also, Ms. Ragland asserts the following **federal claim**:  (i) **42 U.S.C. § 1983** against the City of Jackson, Mississippi; the Jackson Police Department; and John Does 1-5 (members of the Jackson Police Department) in their official capacities.

---

least ninety (90) days before instituting suit, the person must file a notice of claim with the chief executive officer of the governmental entity.

5

*Notice of Claim* [doc. no. 5-1 p. 2] (emphasis added).

Plaintiff's Notice of Claim served to place Defendant City of Jackson on notice of the type of claims that would be brought against it by Plaintiff. Unmistakably, this Notice threatened the City of Jackson with the possibility that state and federal claims might be brought.

When Plaintiff filed her Complaint in state court, she carried out her threat. In that Complaint, she included the language regarding §1983 and constitutional claims. Under the Section of the Complaint labeled "Parties" Plaintiff asserts that "[t]he city is subject to suit pursuant to the Miss. Code Ann §11-46-11 and 42 U.S.C. § 1983. …" *Complaint.* [doc. no. 1-2 ¶5]. Paragraph 8 of the Complaint states "[t]he officers used excessive force and violated Mr. Clark's **Constitutional rights**." *Complaint* [doc. no. 1-2 ¶8] (emphasis added).

Paragraph 18 of the Complaint states that Defendants proceeded with "reckless disregard and conscious indifference to the *rights*, safety or welfare of Clark." …" *Id.* at ¶18 (emphasis added). At paragraph 19 of the Complaint, Plaintiff alleges that "the act(s) and/or omission(s) constitute a reckless disregard for the *rights* and safety of Clark and others. …" *Id.* at ¶19 (emphasis added). Based on their context, the "rights" referenced in paragraphs 18 and 19 are the same federal and state rights initially referenced in paragraph 8.

Three days after she had filed the above-discussed Complaint, Plaintiff filed an *Amended* Complaint. This Amended Complaint, the operative document now before the court, Plaintiff, for the third time, mentioned 42 U.S.C. § 1983 and Clark's "constitutional rights." She used, in paragraphs 5, 8, 18 and 19 of the Amended Complaint, the same language she had employed in her original Complaint. As Defendant states in its brief, the Amended Complaint is riddled with allegations of federal constitutional violations.

This court agrees. Plaintiff's Complaint unhesitatingly calls upon a federal enactment. The well-pleaded complaint rule directs this court to look to the allegations of Plaintiff's well-pleaded complaint to determine if a cause of action presents a federal question. *Davoodi v. Austin Independent School District* 755 F.3d 307, 309 (5th Cir. 2014); *Medina v. Ramsey Steel Co.,* 238 F.3d 674, 680 (5th Cir. 2001). The face of Plaintiff's Complaint clearly shows Plaintiff's reliance on a right found in federal law.

Defendant makes an additional point regarding Plaintiff's claim that the City of Jackson had negligently hired, retained, supervised and controlled its employees. The City of Jackson, relying on the Mississippi Supreme Court case of *City of Jackson v. Powell*, contends no such claim exists against a municipality under state law. *City of Jackson v. Powell*, 917 S.2d 58, 74 ((Miss. 2005). In *Powell,* the Mississippi Supreme Court surmised that the trial court had held the city liable premised not on the actions of the officers accused of using excessive force, but on the City's own actions in negligently supervising the officers. This was an incorrect application of the law, according to the Mississippi Supreme Court. The State of Mississippi, the Court said, has abrogated parts of its sovereign immunity pursuant to the Mississippi Tort Claims Act, but still retains immunity for "discretionary" functions. *Id*. at 73.

The Mississippi Supreme Court applied Miss. Code Ann. §11-46-9(1)(d) to the facts of *Powell*. That statute provides:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
> …
>
> (d) Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused;

7

Miss. Code Ann. §11-46-9(1)(d).

The *Powell* Court relied on the two-part test as stated in *Jones v. Miss. Dept. of Transportation,* to determine whether a function is discretionary. That test analyzed the applicability of Miss. Code Ann. §11-46-9(1)(d) by determining 1) whether the activity in question involved an element of choice or judgment, and 2) if so, whether that choice or judgment involved social, economic, or political-policy considerations. *Jones*, 744 So.2d 256, 260 (Miss. 1999). Utilizing the *Jones* two-part test and analyzing Miss. Code Ann. § 21-31-21[5], which deals with police officers' tenure and grounds for discipline, the *Powell* Court concluded that supervising its police officers is a "discretionary" function of the City. The Court there stated, "[t]he manner in which a police department supervises, disciplines and regulates its police officers is a discretionary function of the government and thus the city is immune to suit under §11-46-9(1)(d)." *City of Jackson v. Powell* at 74.

Although the two-part test was temporarily abolished by the 2014 case of *Brantley v. City of Horn Lake,* 152 So.3d 1106 (Miss. 2014), it was reinstated in *Wilcher v. Lincoln County Board of Supervisors and City of Brookhaven, Mississippi,* 243 So.3d 177 (Miss. 2018). In *Miss. Dept. of Transportation v. Musgrove,* the Mississippi Supreme Court stated, unequivocally, that it overruled *Brantley v. City of Horn Lake* in *Wilcher v. Lincoln County*

---

[5] **§21-31-21. Grounds for discipline**

The tenure of everyone holding an office, place, position or employment under the provisions of Sections 21-31-1 through 21-31-27 shall be only during good behavior. Any such person may be removed or discharged, suspended without pay, demoted or reduced in rank, or deprived of vacation privileges or other special privileges, or any combination thereof, for any of the following reasons:

Incompetency, inefficiency, or inattention of duty; dishonesty, intemperance, immoral conduct, insubordination, discourteous treatment of the public or a fellow employee, or any other act of omission or commission tending to injure the public service.

Miss. Code Ann. §21-31-21

*Board of Supervisors,* thereby reestablishing the public-policy function test. In *Wilcher,* The Mississippi Supreme Court stated the following:

> Because the *Brantley* line of cases has not fulfilled its purpose – getting our discretionary-function analysis back on track – we abandon this failed venture. We find it best to return to our original course of applying the widely recognized public-policy function test – the Original Mississippi Tort Claims Act (MTCA) test first adopted by this court in 1999 in *Jones.*[6]

*Wilcher v. Lincoln County Board of Supervisors and City of Brookhaven,* 243 So.3d 177, 180 (Miss. 2018).

The *Powell* court utilized the two-part test to conclude that supervising police officers is a discretionary function and thus immunity applies, and a state law claim is not presented. Therefore, adds Defendant, this cause of action against the City of Jackson, Mississippi, *sub judice,* can only present a claim under the federal constitution or laws.

As mentioned earlier in this Order, the attorneys for the parties appeared before this court on July 20, 2020, for oral argument. Plaintiff's response to Defendant's argument was totally unpersuasive. Essentially, all Plaintiff's counsel had to offer in retort was: ignore the language in the three documents because I do not intend to pursue any federal claim. He did not address Defendant's *Powell* argument.

## CONCLUSION

For all of the reasons discussed, this court concludes Plaintiff has asserted federal jurisdiction on the face of the Complaint with sufficient substance to confer subject matter jurisdiction on this Court. This Court commensurately denies Plaintiff's Motion

---

[6] *Jones v. Miss. Dept. of Transportation,* 744 So.2d 256, 260 (Miss. 1999).

to Remand **[doc. no. 3].** The parties are instructed to contact the Magistrate Judge for scheduling.

      **SO ORDERED AND ADJUDGED** this 21st day of August, 2020.

                                      s/ HENRY T. WINGATE
                                      UNITED STATES DISTRICT JUDGE